UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| WELDON B. BRYANT, | ) |
| Petitioner, | ) |
| v. | ) No. 1:13CV132 SNLJ |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's application for writ of audita querela. For the reasons set forth below, the petition will be denied and dismissed.

### **Background**

On February 13, 2009, petitioner was found guilty by a jury of the offense of mail fraud and, on June 24, 2009, this Court sentenced petitioner to a term of 18 months' imprisonment.[1]  See United States v. Bryant, 1:08CR121 SNLJ (E.D. Mo. 2009). Petitioner filed an appeal of his judgment and sentence with the Eighth Circuit Court of Appeals, however, the judgment of the District Court was affirmed on June 4, 2010. See United States v. Bryant, No. 09-2532 (8th Cir. 2010).

Petitioner filed a motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255 in this Court on March 8, 2011. See Bryant v. United States, 1:11CV41

___

[1]An Amended Judgment was entered on September 9, 2009, corrected only for a clerical mistake on the special assessment. Petitioner's sentence remained unchanged.

SNLJ (E.D. Mo. 2011). The Court denied petitioner's motion on December 28, 2011, and the Eighth Circuit Court of Appeals affirmed the judgment of the District Court on August 21, 2012. See Bryant v. United States, No. 12-1994 (8th Cir. 2012). The mandate issued on October 12, 2012.

Petitioner filed the instant application for writ of audita querela on September 13, 2013. Petitioner argues that his Constitutional rights were violated when the Eighth Circuit refused to allow him full briefing on his appeal of the denial of his motion to vacate. See Bryant v. United States, No. 12-1994 (8th Cir. 2012).

**Legal Standard**

Federal Courts have authority to issue a writ of audita querela under the All Writs Act, 28 U.S.C. § 1651(a). "[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle v. U.S., 517 U.S. 416, 429 (1996). Audita querela is an "extraordinary remedy," and should only be used in extraordinary circumstances. Kerr v. U.S. Dist. Court for the Northern Dist. of California, 426 U.S. 394, 403 (1976).

Audita querela, coram nobis, and some other common law writs, have been expressly "abolished" in federal civil cases by Rule 60(e) of the Federal Rules of Civil Procedure. However, the Supreme Court has held that another ancient writ, coram nobis, can be used, under certain very rare circumstances, to review a judgment in a federal

criminal case. United States v. Morgan, 346 U.S. 502, 506, n. 4 (1954) (explaining that coram nobis, like the post-conviction remedy provided by 28 U.S.C. § 2255, is to be sought by a motion in a criminal case, so Rule 60 of the Federal Rules of Civil Procedure is not directly applicable). Relying on Morgan, some federal courts have concluded that audita querela might also be available, in very rare circumstances, as a means of post-conviction review in federal criminal cases. See, e.g., United States v. Reyes, 945 F.2d 862, 865 (5th Cir. 1991) ("because the Supreme Court in . . . [Morgan] held that the writ of coram nobis was still available in criminal proceedings, it is likely that Rule 60(b) did not abolish the writ of audita querela to the extent it might otherwise have been available to attack a criminal conviction"); United States v. Torres, 282 F.3d 1241, 1245, n. 6 (10th Cir. 2002) ("the Supreme Court held in . . . [Morgan] that the writ of coram nobis could still be pursued in the criminal contexts under the All Writs Act," and like four other federal circuit courts, "we assume for purposes of this case only that a prisoner may [also] seek a writ of audita querela under the All Writs Act").

**Discussion**

There is no appeal as of right for federal movants under 28 U.S.C. § 2255. Rather, a movant must obtain leave to appeal. See 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b). The issuance of a certificate of appealability is a jurisdictional prerequisite to appeal. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Section 2253(c) permits the issuance of a certificate of appealability only where a petitioner has made a "substantial showing

-3-

of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 483 (2000). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El, 537 U.S. at 336.

There was no certificate of appealability granted to petitioner in his § 2255. In other words, this Court did not believe that petitioner had made a substantial showing of a denial of a constitutional right and made the decision not to grant petitioner a certificate of appealability. However, when petitioner filed his notice of appeal signifying his intent to appeal the dismissal of the denial of his motion to vacate, the Court of Appeals was then obligated to construe his notice of appeal as a request for a certificate of appealability. See Fed.R.App.P. 22(b)(2); see also, Slack, 529 U.S. at 483. Thus, the Eighth Circuit reviewed petitioner's motion to vacate, as well as this Court's denial of his motion, *sua sponte*, to see if there was any way under which petitioner could show a substantial showing of a denial of a constitutional right. This Court can only surmise, given the Eighth Circuit's affirmance of the denial of the motion to vacate, that no such denial of a constitutional right was found. Thus, the Eighth Circuit did not grant petitioner a certificate of appealability and he was not allowed to appeal his § 2255.

Moreover, according to the Judgment affirming the denial of the motion to vacate, the order was summarily affirmed in accordance with Eighth Circuit Local Rule 47A(a). The Local Rule states, in pertinent part:

Rule 47A: SUMMARY DISPOSITION

(a) On Motion of Court. The Court on its own motion may summarily dispose of any appeal without notice. However, in an in forma pauperis appeal in which a certificate of appealability has been issued, the Court will afford 14 days' notice before entering summary disposition if the briefs have not been filed.

The Court will dismiss the appeal if it is not within the court's jurisdiction or is frivolous and entirely without merit. The court may affirm or reverse when the questions presented do not require further consideration.

Given the aforementioned, the Court can again only surmise that petitioner's application for relief was found to be without merit.[2] However, it is not within the bounds of this Court to ascertain or comment on the reasoning behind a judgment made by the Court of Appeals.

Although petitioner may truly believe his due process rights have been violated in some way, both this Court and the Eighth Circuit Court of Appeals have provided petitioner many opportunities to air his views before the judiciary. Petitioner may not

---

[2]The Court notes that a review of the appellate docket shows that petitioner has sought relief from the Eighth Circuit's final judgment on at least three occasions, by filing a motion to recall the mandate on November 19, 2012, a motion for relief from a denial of the motion to recall the mandate on March 25, 2013 and a motion for reconsideration of the denial of a motion to recall the mandate on October 28, 2013.

agree with the end result of the process, but a full review of the record shows that he was provided all of the process he was due.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of audita querela is **DENIED and DISMISSED**.

**IT IS FURTHER ORDERED** that no certificate of appealability will issue as petitioner has not shown a denial of a constitutional right.

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this <u>1st</u> day of November, 2013.

                                        STEPHEN N. LIMBAUGH, JR.
                                        UNITED STATES DISTRICT JUDGE